UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY,<br>    Plaintiff<br><br>v.<br><br>WALMART TRANSPORTATION, LLC<br><br>    Defendant. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 4:23-CV-00252<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, American Trucking and Transportation Insurance Company ("ATTIC"), hereby seeks Declaratory Judgment, pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, that it is not obligated to defend or indemnify putative additional insured, Walmart Transportation, LLC ("Walmart").

## INTRODUCTION

ATTIC seeks a judicial determination that it owes no duty to defend or to indemnify putative additional insured, Walmart, against claims raised in the lawsuit styled *Jennifer Ramsey, et al. v. Arnold Transportation Services, Inc., et al.*; Cause Number 2022-42611, pending in the 11th Judicial District Court of Harris County, Texas (the "Underlying Lawsuit") filed by Jennifer Ramsey, Nancy Demmitt, Chris Demmitt, and David Demmitt (collectively, the "Underlying Plaintiffs").

## PARTIES

1. At all pertinent times, ATTIC was, and is, a Montana corporation with its principal place of business in Montana. Therefore, ATTIC's citizenship for purposes of diversity jurisdiction is Montana.

2. At all pertinent times, Walmart was, and is, a Delaware limited liability corporation, with its sole member, Dana Schneider, being an Arkansas citizen. Therefore, Walmart's citizenship for purposes of diversity jurisdiction is Arkansas.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000 exclusive of interest, attorneys' fees, and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the insurance policy in dispute was issued in this state, all parties are subject to the jurisdiction of this Court, the Underlying Lawsuit is pending in a corresponding state court within this district, and because a substantial part of the events or omissions giving rise to this action occurred within this judicial district.

## FACTUAL BACKGROUND

5. On July 15, 2022, the Underlying Plaintiffs filed an Original Petition in the Underlying Lawsuit. Underlying Plaintiffs amended their Petition on October 26, 2022 (the "First Amended Petition") and December 1, 2022 (the "Second Amended Petition"). Walmart was added as a defendant in the Underlying Lawsuit in the First Amended Petition. A true and correct copy of the Second Amended Petition is attached hereto as Exhibit "A".

6. Underlying Plaintiffs allege that Bobby Demmitt was killed, and Nancy Demmitt was severely injured, when the Ford F150 in which they were traveling on US 287 was struck by an 18-wheeler allegedly owned by Arnold Transportation Services, Inc. ("Arnold") and operated by Arnold employee, Derrick Lamonte Randall. Underlying Plaintiffs allege that Randall was fatigued and distracted, causing him to cross into oncoming traffic, into the lane in which the Demmitts were traveling. *See generally* Exhibit "A".

7. Underlying Plaintiffs allege that Walmart is liable for damages based on their alleged negligent hiring and retaining of Arnold. Underlying Plaintiffs also allege that Walmart was grossly negligent, resulting in the death of Bobby Demmitt and the bodily injury of Nancy Demmitt. Underlying Plaintiffs seek an award of damages in excess of $1,000,000, as well as exemplary damages. *See generally* Exhibit "A".

## THE TRUCKING POLICY

8. In correspondence dated December 15, 2022, Walmart, through its counsel, Kutak Rock LLP, demanded additional-insured coverage from ATTIC in connection with a Trucking Liability insurance policy issued by ATTIC to first-named insured Arnold in Grand Prairie, Texas, bearing policy number ATTATS122, and covering the February 1, 2022 to February 1, 2023 policy period (the "Trucking Policy"). A true and correct copy of the December 15, 2022 correspondence is attached hereto as Exhibit "B". A true and correct copy of the Trucking Policy, with premium information redacted, is attached hereto as Exhibit "C".

9. Walmart specifically demanded coverage under the Trucking Policy for a "Suit alleg[ing] multiple individuals incurred injuries, including fatal injuries to Bobby Ray Demmitt, in a July 13, 2022 motor vehicle incident in Harris County, Texas." *See* Exhibit B at 1.

10. Attached to the Trucking Policy is an endorsement titled "ADDITIONAL INSURED TO INCLUDE PRIMARY AND NON-CONTRIBUTORY COVERAGE – PER CONTRACT" (the "Additional Insured Endorsement"), which names Walmart as an additional insured, subject to the terms of the Trucking Policy and the Additional Insured Endorsement. *See* Exhibit C at 55.

11. The Additional Insured Endorsement provides, in pertinent part, as follows:

<u>Additional insured status does not provide protection to the Additional Insured(s) for liability resulting from or alleged to</u>

<u>result from its own actions or inactions, regardless of the existence of any contractual provision stating otherwise</u>.

*See id.* (underlying in original).

12. In correspondence dated January 24, 2023, ATTIC denied coverage to Walmart in connection with the Underlying Lawsuit based on the fact that Walmart is not entitled to additional-insured coverage for its own negligence under the Trucking Policy. A true and correct copy of the January 24, 2023 correspondence is attached hereto as Exhibit "D".

## DECLARATORY RELIEF

13. ATTIC adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

14. There is an actual, present, and existing controversy between ATTIC and Walmart regarding ATTIC's obligations under the Trucking Policy in connection with the Underlying Lawsuit.

15. Pursuant to 28 USC §2201, *et seq.*, ATTIC seeks a judicial declaration of its rights and duties under the Trucking Policy. The Court's declaration will confer certainty on the parties and serve the interests of justice.

16. The Additional Insured Endorsement expressly does not afford coverage to putative additional-insured Walmart for Walmart's own alleged negligence. The Underlying Plaintiffs seek an award against Walmart in the Underlying Lawsuit arising out of Walmart's own alleged negligence. *See generally* Exhibit "A". Therefore, ATTIC seeks a declaration that it owes no duty to defend and no duty to indemnify Walmart in connection with the Underlying Lawsuit pursuant to the Additional Insured Endorsement.

17. In addition to the foregoing provisions, ATTIC pleads all other conditions, terms, provisions, limits, definitions, and exclusions of the Trucking Policy, which also may be found to

be applicable as ATTIC's investigation of these claims continue, and ATTIC reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

WHEREFORE, Plaintiff, American Trucking and Transportation Insurance Company, respectfully prays:

a. that Walmart Transportation, LLC be cited to answer and appear;

b. that American Trucking and Transportation Insurance Company has no obligation under Policy No. ATTATS122 to defend nor indemnify Walmart Transportation, LLC against the claims asserted in the Underlying Lawsuit; and

c. that this Court grant such further relief as the law may require or permit.

DATED: January 24, 2023                    Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

*/s/ Amanda J. Kujda*
**Amanda J. Kujda**
Attorney-In-Charge
Texas No. 24053565 / Federal No. 685206
amanda.kujda@hfw.com
**Michael E. Carrer**
Texas No. 24073391 / Federal No. 1385117
michael.carrer@hfw.com
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone: 713-971-0888
Facsimile: 713-953-9470
*Attorneys for Plaintiff*